HENRY HEBERTON GOOD and Others, Suing for the Benefit of EDMUND W. BODINE and Others, Appellants, *v.* MATILDA BROWN, Respondent, Impleaded with MARTHA G. SIMPSON and Others, Defendants.

Second Department, February 8, 1918.

**Ejectment — possession — limitation of action — pleading — defense of statute taken by defendant subsequently served.**

In an action of ejectment the possession of the defendant may be both a question of fact and of law.

In an action of ejectment a defendant owning the fee, who was brought into the action by the service of an amended summons and complaint after other defendants had been served, may plead the Statute of Limitations by alleging the lapse of twenty years " before the commencement of this action," although she does not assert the statute " as to this defendant."

Such defendant was not affected by the prior service on others not united in interest with her.

APPEAL by the plaintiffs, Henry Heberton Good and others, from a judgment of the Supreme Court in favor of the respondent, entered in the office of the clerk of the county of Richmond on the 19th day of July, 1912, upon the verdict of a jury rendered by direction of the court in an action for ejectment.

*William M. Mullen,* for the appellants.

*William D. Gaillard,* for the respondent Matilda Brown (daughter).

PER CURIAM:

The proceedings in the Land Office had resulted in a grant to Robert Brown, in which the Bodines were parties remonstrant. Brown's acts of occupation and possession were unmistakably those of ownership toward the Bodines and plaintiffs' privies in interest. Indeed, before this land grant, Brown had been improving the lands with active assistance from the Bodines in the way of lumber and material, without objection.

Possession may be both a question of fact and of law. The verdict on the ground of the Statute of Limitations was fully supported.

This ejectment action was started as to the original defendants on October 21, 1908. The grant by the Commissioners of the Land Office had been on October 26, 1888. Matilda Brown, the daughter, who had the fee since 1902, was brought in by service of amended summons and complaint on February 13, 1909. In her answer she pleaded the lapse of twenty years " before the commencement of this action," without saying " as to this defendant."

Appellants urge here that this did not plead the continued running of the statute after October 21, 1908, when the other defendants were served. But as to her there was no action until she had been named in the summons and served. Her plea must be read with section 398 of the Code of Civil Procedure, that such a defendant is unaffected by prior service on others not united in interest with her.

The Statute of Limitations is a protection against claims under ancient grants, where time has made it hard to fix precise boundaries. When neighboring occupants are improving their lands without objection (and even with active aid as builders), such questions should be ·asserted while the parties are alive. Failing to do so, their belated claims are rightly outlawed after twenty years.

The judgment is, therefore, affirmed, with costs.

JENKS, P. J., THOMAS, RICH, PUTNAM and BLACKMAR, JJ., concurred.

Judgment affirmed, with costs.